USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARENCE LEE ARTIS, JR.,

                    Plaintiff,

         -against-

SGT. M. VELARDO, C.O. J. TOAL, and C.O.
WEBBER,

                    Defendants.

7:14-cv-0833 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Clarence Lee Artis, Jr. ("Plaintiff"), an inmate at Green Haven Correctional

Facility ("Green Haven") brings this action pursuant to 42 U.S.C. § 1983 against Green Haven

employees Sgt. Maria Velardo, C.O. John Toal, and C.O. Patrick Webber (collectively,

"Defendants") for violations of his constitutional rights based on claims of retaliation and

harassment.  Defendants move to dismiss the Amended Complaint ("AC") pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, Defendants' motion

is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint unless otherwise

noted, and are accepted as true for purposes of this motion.

Plaintiff is an inmate in the custody of the New York State Department of Corrections

and Community Supervision ("DOCCS") at Green Haven.  On or about February 22, 2014,

Plaintiff purportedly missed the opportunity to sign up for a haircut, but struck a deal with C.O.

Webber to receive a haircut in exchange for one week in the Special Housing Unit ("SHU").

(AC ¶ II(D).)  After Plaintiff spent one week in the SHU, he "put down for rec," but was told by

C.O. Toal that Plaintiff had made a deal for two weeks in the SHU in exchange for a haircut.

(*Id.*)  Plaintiff refused to stay in the SHU and told C.O. Toal that he was "going to rec to get

some fresh air."  C.O. Toal "became enraged" and told Plaintiff that he would "teach [him] a

lesson."  (*Id.*)

Around the same time, Sgt. Velardo told Plaintiff that "she heard about [him]" and

requested to see his penis, which she said would make "everything . . . alright."  (*Id.*)  When

Plaintiff refused, Sgt. Velardo took his headphones.  (*Id.*)  Plaintiff then went outside, but was

segregated from the other inmates.  (*Id.*)  While outside, C.O. Toal gave Plaintiff two cigarettes.

(*Id.*)  At the end of "rec," Plaintiff was strip searched by Sgt. Velardo, C.O. Toal, and an

unidentified corrections officer.  (*Id.*)  Following the search, Plaintiff was given a misbehavior

report.  (*Id.*)  C.O. Toal and Sgt. Velardo also made derogatory, sexual comments to Plaintiff,

although when such comments were made is unclear from the Amended Complaint.  (*Id.*)

As a result of the foregoing, Plaintiff alleges a number of purported violations, including

sexual assault, verbal harassment, and denial of his right to one hour of exercise.  (AC ¶ III.)

After Plaintiff submitted a grievance related to the incident, "things got wors[e]" – C.O. Toal and

C.O. Weber retaliated by taking Plaintiff's glasses and dentures, and stepping on his legal work.

(*Id.*)

## STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, a complaint must include "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing

*Twombly*, 550 U.S. at 556).  A complaint does not require "detailed factual allegations" to survive a motion to dismiss, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555.  However, "a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently 'raise a right to relief above the speculative level.'"  *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 223 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

Pro se submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted).  Courts utilize this policy for pro se submissions based on "the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Id.* at 475 (internal citations and quotation marks omitted).  However, a "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations omitted) (alteration in original).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).  Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs.,*

*Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).  One way a document may be deemed incorporated by

reference is where the complaint "refers to" the document.  *EQT Infrastructure Ltd. v. Smith,* 861

F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012).  "Where . . . 'exhaustion of administrative remedies is

a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the

relevant administrative bodies, as well as the facts set forth therein.'"  *Zappulla v. Fischer,* No.

11 Cv. 6733 (JMF), 2013 WL 1387033, at * 1 (S.D.N.Y. Apr. 5, 2013) (quoting *Wilson v. N.Y.C.*

*Police Dep't*, No. 09 Cv. 2632 (PAC)(HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4, 2011)).

## DISCUSSION

### I.        Abandonment of Claims

Although Plaintiff submitted a letter in opposition to the instant motion, Plaintiff failed to

specifically oppose any of the arguments made by Defendants.  Instead, Plaintiff generally

opposed "any and every conjecture that [Defendants] speak of" and asserted that he could

"controvert each and every defense argument . . . by way of witnesses, video camera and facts."

(Plaintiff's Opp., Docket No. 35.)

Defendants contend that Plaintiff's failure to "provide a meaningful opposition,"

including "any substantive reason as to why he opposes the motion," requires the Court to grant

Defendants' motion and to dismiss the Amended Complaint.  The Court agrees, as "[P]laintiff's

failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of

those claims."  *Youmans v. Schriro*, No. 12 Cv. 3690 (PAE)(JCF), 2013 WL 6284422, at *5

(S.D.N.Y. Dec. 3, 2013) (citing *M.M. ex rel. J.M. v. New York City Department of Education,*

No. 09 Cv. 5236, 2010 WL 2985477, *6 (S.D.N.Y. July 27, 2010) (collecting cases); *Brandon v.*

*City of New York,* 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (same)).

In any event, even if Plaintiff had not abandoned his claims, they would be dismissed due

to his failure to exhaust his administrative remedies.

## II.     Failure to Exhaust Administrative Remedies

Under the PLRA, inmates cannot bring any suit relating to prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . ."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Inmates must properly exhaust administrative remedies by "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citation and quotation marks omitted).  Failure to exhaust administrative remedies before commencing such lawsuits requires dismissal of federal claims asserted therein.  *See generally Booth v. Churner*, 532 U.S. 731 (2001).

An inmate in the custody of DOCCS must follow the three-step process for the Inmate Grievance Program ("IGP").  *See* 7 N.Y.C.R.R. § 701.5.  First, the inmate must file a complaint with the IGRC.  The committee will then issue a decision on the grievance.  *Id.* § 701.5(a)-(b). The inmate may appeal the decision to the superintendent by completing the appeal section of the IGRC response form.  *Id.* § 701.5(c).  Finally, the inmate may appeal the superintendent's decision to the CORC by submitting the appropriate form to the grievance clerk within seven calendar days of the superintendent's response.  *Id.* § 701.5(d).

An "expedited procedure for the review of grievances alleging harassment" bypasses the first step of the IGP, sending the grievance directly to the superintendent for review.  *See* 7 N.Y.C.R.R. § 701.8.  If the superintendent fails to respond to the grievance within 25 calendar days, or the grievant otherwise wishes to appeal the superintendent's response, an appeal may be made to the CORC within seven calendar days.  *Id.*

Plaintiff has failed to exhaust his administrative remedies on his claims.  According to

CORC records,[1] Plaintiff filed three grievances in 2014, none of which appear related to the facts

alleged in the Amended Complaint.  Plaintiff's documented grievances include the following:

"Forced To Break Fast/Goaded To Fight," filed July 17, 2014; "Refused Treatment," filed

September 4, 2014; and "Denied Tray/Tried To Provoke Fight," filed December 24, 2014.  (Hale

Decl., Ex. A.)  Even construed liberally, none of Plaintiff's claims could be interpreted to relate

to his eating and/or fasting habits, his being provoked to fight, or his being refused, or his refusal

of, medical treatment.  Moreover, the incidents alleged in the Amended Complaint purportedly

occurred on or about February 22 and 28, 2014, and March 3 and 5, 2014.  (*See* AC ¶¶ II(C)-

(D).)  The closest grievance filed by Plaintiff was made on July 17, 2014, more than four months

after the alleged incidents.  The lack of CORC record evidence of such grievances is

unsurprising, considering Plaintiff's apparent concession in the Amended Complaint that he did

not file a grievance related to these claims.  (*See* AC, ¶¶ IV(E) (Plaintiff checked "No" in

response to the question of whether he "file[d] a grievance in the jail, prisons, or other

correctional facility where [his] claim(s) arose."))

Even if such grievances were filed by Plaintiff, Plaintiff does not allege that he received

favorable decisions on those grievances and CORC records do not indicate that he filed any

appeals.  Moreover, Plaintiff concedes that the only step he took to appeal the purported

grievance decisions was to write to the Superintendent and the Inspector General in Albany.

---

[1] Defendants filed CORC records in connection with the instant motion.  (*See* Def.'s Mot. to Dismiss, Declaration of Jeffrey A. Hale ("Hale Decl."), Ex. A.)  The Court takes judicial notice of these records.  *Zappulla*, 2013 WL 1387033 at * 1 ("Where . . . exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.") (internal citation and quotation marks omitted).

(AC ¶ IV(F)(3) ("I wrote to the Superintend[sic] and I.G. in Albany.")  Plaintiff's failure to

appeal any relevant decisions to the CORC is fatal to his claims.

As all of Plaintiff's claims were never administratively exhausted under the PLRA and

are hereby dismissed, the Court declines to consider Defendants' remaining arguments.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiff's

claims are DISMISSED without prejudice.  The Clerk of the Court is directed to terminate the

motion at ECF No. 29 and to close the case.

Dated:   January 12, 2016                                   SO ORDERED:
         White Plains, New York

                                                            _____
                                                            NELSON S. ROMAN
                                                            United States District Judge